Thank you, your honor. May it please the court, David Yoshimura on behalf of the appellant Christopher Asbury in this case. The government has now conceded the sentencing guidelines error in this case and that error was a substantial one. It increased the bottom of the applicable guidelines range by twelve and a half years before the judge considered the appropriate sentence. Now that kind of error, the magnitude of that error, is incongruent, frankly, with the underlying offensive conviction in this case. It seems to me that the critical question here, and I think this court owes the world some clarification on this point too, is what do we make of the district court's statement that it would have chosen this 360-month sentence kind of anyway? I mean, the court says it in fairly general terms because I think there are at least three approaches you can see in our cases, at least, and probably around the country. I know there are even more. One of them is in the Abbas case that the court has to say, I realize there's a and that particular factor doesn't bother me, this is my sentence. Another approach, which is a little more general, says I've done a very thorough analysis of the 3553A factors and I'm comfortable with this sentence without pinpointing the disputed thing. And the third is just sort of a boilerplate, this is my sentence, you know, don't bother me anymore. And the first two, I mean, they're somewhat different because we don't see a discussion by this district court judge or even a recognition about this contested situation on drug amount. What we see is the judge very concerned about criminal history, no doubt about that, you can certainly see why. But what's the right legal rule with respect to these this is my sentence anyway, kinds of statements? So the correct legal rule of the three that you mentioned would be the first one, where there has to be some acknowledgement pursuant to that Abbas case of, you know, the error at issue. And that's important because it demonstrates the sentencing court knows of the differential between what the correct guidelines range would be, and the erroneous guidelines range would be. The trouble with the other two, of course, and I can start with the boilerplate one, I think it sounds like perhaps we're on the same page there. The generic general disclaimer would render the guidelines completely illusory. Every sentencing judge would make a rote statement at the start of every sentencing hearing that we know the judges don't do that. I am not persuaded by these slippery slope arguments that every judge will just blow off the guidelines that doesn't remotely happen. I'd like to ask Judge Wood's question from a different angle. Suppose the district judge said, I'm imposing this sentence entirely on the basis of the defendant's criminal history, and I don't give one fig how much he distributed. Would a 360-month sentence be reasonable in your view on that assumption? Well, acknowledging the substantive reasonableness of the sentence being a separate inquiry, we would say no, because under the sentencing statute, the entirety, the totality of the circumstances has to be taken into account there. It would not be proper to say... The only sentence, the only circumstance that really matters to me is that this man is the worst recidivist I've seen in my judicial career, and I'm throwing the book at him. That's just the way it is, and I don't care how many ounces of what drugs he distributed or didn't. That's effectively what the district judge said in saying, I don't care about the guidelines. Respectfully, I would disagree. The question I'm asking is whether that is a reasonable sentence. It's not substantively reasonable to do that, because it basically eliminates, in practice, the congressional factor, the factors that the Congress has put in place. I don't see why a judge can't do that, right? The Supreme Court has said, ever since Booker, that each district judge can pursue his or her independent sentencing philosophy. He has to think about the statutory criteria, he has to think about the guidelines, but then he can do what he wants. And this district judge says, my personal sentencing philosophy is that people with long records get enormously high sentences. Is that a substantively unreasonable sentence? Your brief doesn't approach it that way, but it does seem to me that's what your argument amounts to. Well, our principal argument is on the procedural error of the guidelines error, which is a separate question than whether it's, you know, substantively unreasonable. Could I throw in one other complexity here, which is that if the district court had actually said what Judge Easterbrook is postulating, then we would have an explanation of the sentence that would lend itself to judicial review. One could decide, you know, in this case, you know, out of a hundred points, 98 of them went to criminal history and the other two were just kind of other stuff, something like that. But one of the problems is that, you know, you have the district judge talking about some of the factors, not talking about others. He doesn't quite cleanly say, this is a criminal history thing. He thinks, and he says he's starting with this erroneous guidelines range. And the Supreme Court in Pew and other cases, Gaul, etc. has said, you actually really need to start with the right range because that will anchor the rest of your thinking. Right. And so from that standpoint, there's a procedural error here. And, you know, that being a different question than substantive reasonableness, you know, we agree there that, you know, in the hypothetical that Judge Easterbrook raises, it's sort of a different question about whether that's substantively sufficient. What we have here is a judge who acknowledges multiple factors. And in fact, with one quote that's in our brief says, you know, with the guideline range, even if I'm wrong, of 30 years to life and the statutory range of 15 years to life, no matter what, as in any sentence in that statutory range, it's a sentence that reflects seriousness of the offense, promotes respect for the law and provides just punishment. So clearly those factors were in play for this judge in determining his sentence. And that's why the presumption that this guidelines error was prejudicial is borne out by this record. We don't have a statement from the judge that's of sufficient bias that can satisfy the government's affirmative burden of proof to this court that this error would have made no difference in the sentence. And particularly in this case. I hope you can tell from my question that I'm not supposing that there is any error. If a judge is free to say, I don't, I choose not to follow the guidelines and I choose to follow a recidivism only model of sentencing, why is that an error after Booker? Well, even post-Booker, Gall was decided post-Booker and 3553A as it stands also discusses the guidelines. It is required that the guidelines be correctly calculated and that the correctly calculated range be taken into consideration by the sentencing judge. Maybe this is all a verbal dispute, but every day a court. Look, the prosecutor says there were, oh to take this case, two kilograms of methamphetamine. And the defense says there were only 50 grams. I'm not going to resolve that dispute because I don't think the answer will affect my sentence. And here's why. Judges say that all the time. And we don't say that's an error. We say that a judge is free to dispense with resolving certain questions when they don't matter to the outcome. Now it may be the judge here didn't do that with sufficient clarity, but I'm, it may be that the real issue in this case is that you should be saying or we should be thinking that a 30-year sentence is substantively excessive unless there was a substantial quantity of drugs to go with the defendant's bad criminal history. But I didn't see that argument expressly in your brief. Sure, and that, you know, I think that the situation that you're describing, Judge Easterbrook, is sort of substantively consistent with the Avis idea that if the sentencing judge makes that level of that would, you know, satisfy the harmless error standard and perhaps satisfy reasonableness. But that's not what we have in this case. And for that reason, we have argued that the sentence is substantively unreasonable and that the procedural error, the admitted procedural error under the harmless error standard, requires remand and resentencing. And, you know, we believe that that's the proper outcome here and would ask the court to so order. Thank you very much. Thank you. Mr. Klensker. May I please the court? Good morning, Your Honors. Jeff Kinster of the United States. The district court made clear here that the dispute over the drug quantity calculation and offense level had no impact on the sentence that it chose and it explained the reason why. The reason was that it was basing its sentence on the Section 3553 factors and the exercise of its discretion. It then explained its analysis of those factors without relying on the dispute over the offense level or the underlying drug quantity. That's exactly the sort of unequivocal statement that this court has looked for. But is it enough just to say that? I mean, what I didn't find in the district court's discussion was the counterfactual. You know, he thought it was okay to just accept what the pre-sentence investigation report said, even though Mr. Asbury was contesting it, but he doesn't say, you know what, and even if this is too much, you know, even if the relevant conduct is there and if, in fact, the cumulative drug weight was 95% less than what the for you. I just don't see that. In fact, what you see in his process is he actually starts, the way Gall recommends, with the range that his notion of the guidelines has given him, the 360 to life, and he picks the 360. It's certainly, it's very hard to think that it wasn't anchoring his decision, and since there was error, and it was a plain error, I don't see why, at a minimum, the procedural error of failing to connect the dots and explain why he doesn't care about this tremendous difference in drug quantity. You know, he could have, he probably could have explained that, as Judge Easterbrook is saying, but as I understand Gall, the Supreme Court has a sequence that it wants judges to go through. Point one, correctly calculate the guidelines. Then, point two, you get to say, but I don't care about that at all, because I have a different sentencing philosophy and, you know, maybe I was wrong about this guideline calculation or that one, but here's where I want to go. But the Supreme Court, as I understand it, and Gall says, you've got to start by doing the best you can to calculate the guidelines. Sure. So, I think at the outset, the district court was referring to the drug quantity and was aware of the extent that that had, the impact it had on the guidelines. So, in his particular explanation, he says, as far as the offense level, I'm cognizant of the guidelines, but if I made an error in terms of the offense level, that would not affect my sentence. The drug quantity calculation was the defendant's principal objection to the pre-sentence report and the offense level. So, looking at this in context, I think it's clear that this is what the judge is contemplating. They had spent a lot of time at the beginning of the hearing going over the drug quantity calculation and the effect it had on the offense level. So, when he returns to it later in the hearing and says, I'm cognizant of the offense level, but that doesn't make a difference, I think it's plain in context that the judge is referring to the drug quantity finding. It's pretty, it's pretty, it's pretty summary though. I'm looking at page 38 of the sentencing transcript. He first says, let me add one more thing, even if I joined the calculation of the applicable guidelines as far as the criminal history calculation goes, the defendant would still be a criminal history category 6. That seems indisputable on this record. Fine. Likewise, as far as the offense level, I'm cognizant of the guidelines, and if I made an error in the guideline calculation in terms of offense level, that would not affect my difference between, you know, a multiple level difference. Is he aware that the defendant was actually contesting this? The question is, is that enough to say, or do you actually have to explain yourself, as Abbas seems to indicate, more fully before you can then move on and say, but my personal sentencing philosophy is all about criminal history. Off we go. I'm not sure he'd be here if he had done that. So I think he was aware, for the reasons I just noted, this was the defendant's principal objection, the drug quantity, to the offense level. The government, in its arguments, had specifically walked through the extent to which the drug quantity, in fact, impacted the offense level. Government counsel explained that the defendant's offense conduct alone, which entailed 82 grams of pure methamphetamine, suffice to place him in offense level 30, and that with the individuals, that moves him up to offense level 36, and then with the extra two levels for obstruction, that produced the guideline calculation. So I think the defense, the court was fully aware, both that this was disputed, and the effect that that had on the guidelines. So I think... But the judge never says. I mean, it's a way lower He's looking at that, why that range... I mean, I don't see him saying, you know, gee, I think 212 months is just, like, way too low, you know, nothing less than... In fact, he says the opposite. He says either 15 years or 30 years would be enough to satisfy at least a good number of the 3553A criteria. And that's true enough, but of course it placed the greatest weight on the criminal history. And I He's going to be a criminal history 6. That's, as the judge rightly says. No question about that. Mr. Keinster, would you acknowledge that this transcript at least reflects contradictory observations by the district judge? To my reading, it doesn't, because when he, at the beginning, as Judge Wood noted, he acknowledges the guidelines. I think he's dutifully calculating them under all, but he says that wouldn't make a difference. Later in his discussion, he refers to the guidelines again, but with a caveat. He refers to the guidelines range, even if I'm wrong. So he's, even when he's coming back to that, he's saying, essentially, this didn't make a difference for that factor. Judge Wood, to your earlier question about the three different alternatives, I think this case is somewhere in between the first and second. As you know, I think Abbas represents the first one. I think this court has expressly adopted the second in cases including Lovies and Cologne. We have cases that go a number of ways, I'm sorry to say. There is some tension. I think that's fair. But the second alternative, I think, is appropriate, where the courts specifically say that they're relying on the 3553 factors and that any dispute wouldn't affect the outcome. So do you think that means a district court would be free to say, I'm not going to bother to calculate offense level or criminal history. I'm just going straight to 3553. Would that be consistent with Gaul? I don't believe so. I think that that would be inconsistent with Gaul. But the reason that courts don't have to go through the routine of specifically calculating alternative sentencing ranges is that courts don't have to explain sentences in terms of departures or variances from the guidelines range. So often when the guidelines range might be different, the reason that the sentence would remain the same is simply that the 3553A factors require that same sentence regardless. To Judge Easterbrook's point, courts are entitled to say that the guidelines simply aren't important in this case or that the drug quantity simply doesn't matter to the sentence because the defendant's off-the-charts criminal history, one way or another, requires this sentence. And so the variance here over the adjusted guideline range would be three levels or about 37%. And to be sure, this court has characterized that as a significant variance. But this defendant's criminal history is equally significant. The court, I think, quite fairly characterized it as horrendous. The defendant has 34 criminal history points, you know, to go through all eight prior sentences, the Department of Corrections. If we extrapolated out the criminal history categories, we'd be talking about a category 12 or 13. This court has often affirmed variances of much greater magnitude based on similar or even less serious criminal histories. And so given that the court explained its sentence in terms of the 3553A factors, and it did so without relying on the disputed drug quantity or the offense level, that shows both that the drug quantity simply didn't matter to the sentence that the district court imposed here and that the sentence the court imposed is reasonable. Because with this defendant's drug history, or I'm sorry, his criminal history, including violence offenses and drug offenses, the district court was entitled to conclude that only this 30-year sentence was appropriate, even if other factors like general deterrence, which refers to other people, could be satisfied by a lower, by a lower sentence. I'm happy to answer any questions. Otherwise, the government would rest on his brief and ask this court to affirm. Thank you very much. The case is taken under advisement.